<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IV</td></tr>
<tr>
<td>RUBÉN ALFONSO MIRANDA MERCADO POR SÍ Y COMO INTEGRANTE DE LA SUCESIÓN DE RICARDO MIRANDA Y BERNARDA MERCADO, SONIA I. ACEVEDO PÉREZ Y LA SOCIEDAD LEGAL DE GANANCIALES Y OTROS<br><br>Peticionarios<br><br>v.<br><br>CORPORACIÓN PÚBLICA PARA LA SUPERVISIÓN Y SEGURO DE COOPERATIVAS DE PUERTO RICO (COSSEC) Y OTROS<br><br>Recurridos</td>
<td>TA2026CE00412</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br><br><br>Caso Núm.: SJ2024CV10540<br><br><br><br>Sobre: Nulidad de Sentencia, Sentencia Declaratoria, Cobro de Dinero – Ordinario, Hipoteca, Expediente de Dominio</td>
</tr>
</table>

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de abril de 2026.

Comparece Rubén Alfonso Miranda Mercado, por sí y como integrante de la sucesión de Ricardo Miranda y Bernarda Mercado, Sonia I. Acevedo Pérez, la sociedad legal de gananciales compuesta por ambos, y otros (en adelante, parte peticionaria), mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Resolución* emitida y notificada el 19 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguada.[1] Mediante la *Resolución* recurrida, el referido foro declaró *No Ha Lugar* una *Moción de nulidad de sentencia* incoada por la parte peticionaria.

Por los fundamentos que expondremos, se *desestima* el presente recurso.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC TPI), a la Entrada Núm. 67.

I

De entrada, conviene mencionar que esta es la *segunda* ocasión en la cual este Tribunal de Apelaciones atiende un recurso relacionado al caso de epígrafe.[2] Siendo así, nos limitaremos a relatar las instancias procesales pertinentes a la controversia antes nuestra consideración.

El caso de marras tuvo sus inicios cuando, el 13 de noviembre de 2024, la parte peticionaria presentó una *Demanda* contra la Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC), entre otras partes codemandadas.

Así las cosas, el 19 de diciembre de 2024, COSSEC interpuso una *Solicitud de desestimación.*[3] Esencialmente, arguyó que la *Demanda* no exponía ni justificaba la concesión de un remedio de su parte. En consideración a lo anterior, peticionó que se desestimara la *Demanda* en su contra.

Pasado un tiempo, el 8 de enero de 2025, a través de un escrito intitulado *Moción sobre intención de oponerse,* la parte peticionaria solicitó una extensión para fijar su posición respecto a la *Solicitud de desestimación* de COSSEC.[4]

Mediante *Orden,* notificada el 13 de marzo de 2025, se le concedió a la parte peticionaria veinte (20) días adicionales para que fijara posición respecto a la *Solicitud de desestimación.*[5] Así, pues, mediante un escrito presentado el 29 de marzo de 2025, la parte de peticionaria se opuso a la desestimación de la *Demanda* en contra de COSSEC.[6]

---

[2] En la *primera* ocasión, la parte peticionaria presentó un recurso de *certiorari*, en el alfanumérico KLCE202500403, mediante el cual mostró su inconformidad tanto con una *Resolución* notificada el 18 de febrero de 2025, así como una *Orden*, notificada el 13 de marzo de 2025. Mediante *Resolución* emitida por un panel hermano, este recurso de *certiorari* se desestimó por falta de jurisdicción por ser tardía la presentación de ambos dictámenes recurridos. Véase *Resolución* del alfanumérico KLCE202500403.

[3] SUMAC TPI, a la Entrada Núm. 16.

[4] *Íd.*, a la Entrada Núm. 32.

[5] *Íd.*, a la Entrada Núm. 44.

[6] *Íd.*, a la Entrada Núm. 49.

Tras varias instancias procesales innecesarias de pormenorizar, mediante *Sentencia parcial*, notificada el 8 de agosto de 2025, el foro primario declaró *Ha Lugar* la solicitud de desestimación presentada por COSSEC y desestimó la *Demanda* en su contra.[7] Conviene mencionar que, según surge de los autos, la parte peticionaria no solicitó reconsideración de la *Sentencia parcial*. De igual forma, tampoco recurrió ante este Tribunal de Apelaciones.

Así las cosas, el 26 de enero de 2026, COSSEC presentó una solicitud de cese de notificaciones. En esta, acotó que, habiendo transcurrido el término para que la parte peticionaria radicara un recurso de apelación sobre la *Sentencia parcial* antes reseñada, esta advino final y firme.[8] A tenor, peticionó que se ordenara el cese de notificaciones a favor de COSSEC, así como de su representante legal. Mediante *Orden* del 2 de febrero de 2026, el foro primario declaro *Ha Lugar* la solicitud de cese de notificaciones.[9]

Pasados casi seis (6) meses de notificada la *Sentencia parcial*, el 4 de febrero de 2026, la parte peticionaria incoó una *Moción de nulidad de sentencia (Entrada Número 55)*.[10] Acotó que la primera instancia judicial impidió el descubrimiento de prueba y desestimó la *Demanda* con perjuicio, con relación a COSSEC, pese a que la *Demanda* contenía alegaciones válidas contra esta parte. A tenor, peticionó que se declarara nula la referida sentencia parcial y se ordenara la continuación de los procedimientos, permitiendo el descubrimiento de prueba y pautando una vista evidenciaria.

Evaluado el escrito, mediante *Resolución* del 19 de febrero de 2026, el foro primario declaró la solicitud *No Ha Lugar*.[11] En síntesis,

---

[7] SUMAC TPI, a la Entrada Núm. 55.
[8] *Íd.*, a la Entrada Núm. 63.
[9] *Íd.*, a la Entrada Núm. 64.
[10] *Íd.*, a la Entrada Núm. 65. Conforme se desprende de los autos, COSSEC no fue notificada de forma simultánea a través del SUMAC TPI. Tampoco se desprende de los autos que la moción fue notificada a la referida parte mediante cualquier otro método.
[11] *Íd.*, a la Entrada Núm. 67. Igualmente, se desprende del volante de notificación y de los autos que esta *Resolución* no fue notificada a COSSEC.

concluyó que el mecanismo de relevo de sentencia no puede ser utilizado en sustitución de los recursos de revisión o reconsideración, como tampoco existe para proveer un remedio adicional contra una sentencia erróneamente dictada. En desacuerdo, el 1 de marzo de 2026, la parte peticionaria presentó una moción de reconsideración,[12] la cual fue declara *No Ha Lugar*.[13]

Aún inconforme con el curso decisorio, el 6 de abril de 2026, la parte peticionaria interpuso el presente recurso de *certiorari*.

El 9 de abril de 2026, compareció COSSEC ante esta Curia, mediante una *Moción informativa*. En está, arguyó que no era parte en el caso de epígrafe puesto a que, mediante *Sentencia parcial,* notificada el 8 de agosto de 2025, se desestimó la *Demanda* en su contra, la cual a esta fecha era final firme e inapelable. Destacó que, incluso, el tribunal *a quo*, en mérito de los anterior, cesó las notificaciones a favor COSSEC.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[14] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

II

**A. Falta de jurisdicción por prematuro**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[15] Los tribunales adquieren jurisdicción por virtud de ley, por lo cual no pueden arrogársela, ni las partes pueden

---

[12] SUMAC TPI, a la Entrada Núm. 69.
[13] *Íd.*, a la Entrada Núm. 70.
[14] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[15] *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).

otorgársela.[16] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[17] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[18] De manera que, deben ser resueltas con preferencia, pues, inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[19] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[20] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[21] Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente.[22]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[23] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia, o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[24] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un

---

[16] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[17] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[18] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[19] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[20] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[21] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[22] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[23] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[24] *Moreno v. Pres. U.P.R. I,* 178 DPR 969, 973 (2010).

pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva, y (v) *cuando se pretende promover un pleito que no está maduro.*[25]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[26] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[27] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[28]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[29] confiere facultad a este Tribunal para, a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

## B. La Notificación Adecuada

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[30] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[31] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos (2) vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del

---

[25] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).
[26] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[27] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[28] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 366.
[29] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 110, 215 DPR __ (2025).
[30] CONST. PR, Art. II, Sec. 7.
[31] CONST. EE. UU., Emda. V y XIV.

individuo se haga a través de un procedimiento que sea justo y equitativo".[32] Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: (i) notificación adecuada del proceso; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio.[33] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[34]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[35] Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso.[36] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[37]

III

Sabido es que, como cuestión de umbral, esta Curia tiene el deber de auscultar su propia jurisdicción para entender en un recurso apelativo. Esto, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que, así declararlo y desestimar la reclamación sin entrar en sus méritos.[38]

Surge del relato procesal antes expuesto que el tribunal *a quo* cesó las notificaciones a favor de COSSEC desde el 2 de febrero de

---

[32] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).
[33] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra, a la pág. 889.
[34] *Rivera Santiago v. Srio. de Hacienda,*119 DPR 265, 274 (1987).
[35] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).
[36] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[37] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).
[38] *R&B Power, Inc. v. Junta de Subasta ASG, supra,* a la pág. 698.

2026. Dos (2) días después, la parte aquí peticionaria radicó una moción de nulidad de sentencia, la cual, según se desprende de los autos no fue notificada a COSSEC. Evaluada la moción, mediante *Resolución* del 19 de febrero de 2026 el foro primario la declaró *No Ha Lugar*. Esta *Resolución* tampoco fue notificada a COSSEC.

Conforme reseñamos en nuestra exposición doctrinal previa, al no notificarse adecuadamente una resolución, esta no surte efecto y los términos no comienzan a transcurrir.[39] Siendo así, esta Curia no tiene autoridad para atender el presente recurso, puesto a que su presentación es prematura.

Por lo antes expuesto, nos es forzosos desestimar este recurso.

IV

Por los fundamentos que anteceden, se *desestima* el presente recurso por prematuro.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[39] *Bco. Popular v. Andino Solís,* supra, a la pág. 183.